UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| STEPHEN WOODS, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | Case No. 2:12-cv-00265-WTL-WGH |
| ) | |
| STANLEY KNIGHT, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Stephen Woods for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISF 12-04-0268. For the reasons explained in this Entry, Woods' habeas petition must be **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges at least 24 hours before a hearing, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On April 27, 2012, Correctional Officer with Internal Affairs Dave Wire signed a Report of Conduct in case ISF 12-04-0268 charging Woods with conspiracy to commit battery. The Report of Conduct states:

> On April 24, 2012 Offender Woods did in fact conspire with Offender Every (sic) Bailey to commit battery on Offender Nirmal Thakur that resulted in life threatening injury to Offender Thakur.

The conduct report incorporated the Report of Investigation of Incident, which stated:

> On 4/24/2012 I was directed by my supervisor Mr. Storm, CPO/I.A. to look into an altercation that allegedly took place in 18 north A side at approximately 0117 in cube 3. Myself, Storm, and Mr. Brown reviewed camera footage of the dorm and was able to locate the altercation in cube 3. This altercation resulted in serious injury to Offender Nirmal Thakur. According to the medical report from Putnam County Hospital, Offender Thakur received a broken nose and multiple fractures to the left orbital around his eye. Shortly after his return to this facility he was transported to methodis (sic) Hospital via Operation Life in serious condition due to swelling of his left temple area. On the 25th the swelling began to subside at which time he was returned to this facility with an appointment for surgery to be conducted during the following week.
>
> During this investigation I interviewed one to ten offenders that will be referred to as Confidential Informants (CI). These CI's identified Offender Every (sic) Bailey # 132839 as the perpetrator in this case. Offender Stephen Woods # 146227 was also identified as to conspiring and abetting Offender Bailey to commit the assault on Thakur.
>
> On 4/26/2012 I interviewed Offender Thakur in regards to this incident. During this interview I showed photos to Thakur of six different offenders housed in 18 north. He identified Offender Bailey as the perpetrator and also identified Offender Woods as the individual that told Bailey to beat him up.
>
> Earlier on the 23rd of April Thakur and Woods became involved in a shoving match because Woods kept telling Thakur he would be reincarnated as a donkey. Offender Woods continually harassed Offender Thakur because he was from India.
>
> At approximately 0045 Offender Bailey was setting (sic) on Woods bunk which was next to Thakur's bunk. Thakur was trying to sleep when he heard Woods tell Bailey about the shoving match earlier and told Bailey to beat up Thakur. Bailey

> jumped on Thakur at this time, however, Thakur was able to defend himself which caused Bailey to leave the area.
>
> Offender Thakur was concerned that this issue was not over so at approximately 0117 he approached Offender Bailey in cube 3 with hopes to defuse the situation. At this time Bailey picked Thakur up around his waist and threw Thakur head first into the floor causing Thakur to hit the back of his head on the concrete floor. Offender Bailey then hit Offender Thakur in the face area several times that caused Thakur numerous injuries.
>
> It should be noted that according to the film footage it took Thakur approximately two minutes to get off the floor and leave cube 3.
>
> On 4/25/2012 I interviewed Offender Woods. Throughout this interview Woods maintained his innocence of any wrong doing. He witnessed Offender Thakur walk in cube 3 and then walk out of cube 3 bleeding be (sic) he denied witnessing Bailey committing battery on Thakur. According to witnesses Woods did witness bailey (sic) commit the battery on Thakur. It appeared that Woods was trying to protect Bailey throughout this interview. According to offenders that I interviewed from 18 north it seems that Offender Bailey and Woods are extremely close friends.
>
> See attached photos, affidavit and or case file 12-ISF-0024 in Internal Affairs for additional information if needed.

Photographs of Thakur's severe injuries were documented. Officer Wire provided an affidavit concerning the confidential informants stating their statements corroborated the victim's statement. The victim's statement, as interpreted, was as follows:

> Woods jumped on him first ½ hour before second fight. Woods tried to hit him w/ lock and missed, and fight got broke up. Then Woods got the other Offender (Bailey, Avery) to beat him up which caused injuries.

On April 27, 2012, Woods was notified of the charge and given a copy of the report of conduct and the screening report. He was notified of his rights, pled not guilty, and requested the appointment of a lay advocate. He requested the video as physical evidence and requested two witnesses.

A hearing was conducted on May 2, 2012. A disciplinary hearing officer found Woods guilty of A111/A102, conspiracy/abetting to commit any class A offense, namely, assault/battery

with serious injury. In finding Woods guilty, the hearing officer considered the staff reports, Woods' statement, evidence from witnesses, the report of investigation and affidavit, confidential photos, and the submitted statement. The hearing officer also reviewed the video of the battery along with all evidence contained in the Internal Affairs confidential case file.

Woods was sanctioned with a written reprimand, 180 days in disciplinary segregation, a 180 day deprivation of earned credit time, and a demotion from credit class I to credit class II. These sanctions were imposed because of the seriousness of the offense and the degree to which the violation endangered the security of the facility.

Woods appealed this disciplinary proceeding through the administrative process without success. He now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were denied. The respondent responded but Woods did not reply. Pursuant to 28 U.S.C. § 2248, "[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

### C. Analysis

Woods asserts the following claims: 1) some of the evidence was conflicting; 2) the Report of Investigation was not 100% factual; 3) the hearing officer did not follow Department of Correction ("DOC") policy when he reviewed surveillance video and confidential informant statements outside Woods' presence; and 4) the hearing officer was impartial as reflected by his refusal to consider evidence favorable to Woods.

Woods' first two claims are interpreted as challenges to the sufficiency of the evidence. The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles,* 288 F.3d 978,

981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Although Woods argues that he did nothing wrong, the Court is not required to conduct an examination of the entire record, independently assess witness credibility, or re-weigh the evidence. Rather, the Court's role is to "determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *Id.* (internal quotation omitted). In this case, the conduct and investigation reports, along with the various witness statements and confidential reports, constituted sufficient evidence to find Woods guilty of conspiring with Offender Bailey to commit a battery on Offender Thakur, causing serious injury. Woods' contention that a factual error existed is meritless. The evidence reflects that the battery occurred at 0117, which is what Woods contends.

Woods next argues that he was improperly denied access to the video of the battery and confidential statements. In prison disciplinary proceedings, an inmate's right to call witnesses or present evidence is limited by concerns for institutional safety or correctional goals. *Wolff,* 418 U.S. 566. In addition, as pointed out by the respondent, the video would not confirm or discredit Woods' involvement in abetting the battery. The conduct report and report of investigation contain evidence supporting the allegation that Woods told Bailey to beat up Thakur.

Woods' final claim is that the hearing officer was not impartial. A prison official who is "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof," may not adjudicate those charges. *Piggie,* 342 F.3d at 667. Woods does not assert that the hearing officer in this case had any disqualifying personal involvement in or knowledge of the circumstances involved in the conduct report. To the extent Woods argues

that the hearing officer failed to follow DOC policy, for any alleged violation of provisions of the Adult Disciplinary Procedures ("ADP") or state law, relief is not available in this action. Habeas corpus relief cannot be based upon a violation of state law. *Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief). This claim fails.

### D.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Woods' petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  11/06/13

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Stephen Woods
No. 146227
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. 40
Greencastle, IN 46135-9275

Electronically registered counsel